## SAMUEL LANING v. ISAAC COLE.

Where one party signs an agreement to do certain acts, after the other shall have performed on his part conditions which are precedent—the conditions being performed, equity will decree a specific performance against the party who signed the agreement.

There is *mutuality* in the terms of such an agreement.

Where one party only is bound by the contract, and nothing has been done under it, will equity decree a specific performance ?—*Quere.*

BILL for the specific performance of a contract, in the terms following :—

"Agreement between Isaac Cole, of the city of Camden, and state of New-Jersey, and Samuel Laning, of the said city and state, dated this twenty-eighth day of November, eighteen hundred and thirty-nine, witnesseth as follows, to wit:

"1. The said Isaac Cole agrees that the said Samuel Laning shall have six months from the twenty-sixth day of October last, to raise the amount of the purchase money which the said Isaac Cole paid for the property called Laning's Row, and the costs and expenses incident to said purchase, together with interest at six per cent.; and upon the payment of the said purchase money, interest and expenses, the said Isaac Cole covenants to reconvey the said premises to the said Samuel Laning; provided always that the said Samuel Laning shall raise the said sum of money upon mortgage of and upon the said premises, for the term of five years, and for his own and sole benefit; and the said reconveyance shall. not be for the benefit or advantage of any other person than the said Samuel Laning.

"2. This agreement is upon the further condition, that the said Isaac Cole shall have from the date hereof the sole and exclusive possession of the said premises, and shall receive the rent therefor to his own use; and upon the repayment of the said purchase money, interest and expenses, as aforesaid, the said Isaac Cole shall account for the rents of the said premises, after deducting repairs.

"In witness whereof, the said Isaac Cole hath hereunto set his hand and seal, the day and year first above written.

"Isaac Cole. [L. S.]

"Sealed and delivered in the ⎰
   presence of W. N. J." ⎱

Various points are involved in the charges of the complainant's bill, and the defendant's answer, which are not necessary to an understanding of the case. The matters relied upon in defence are stated in the chancellor's opinion. The cause was heard upon bill, answer, replication and proofs.

*Hamilton* and *Wall*, for complainant.

*Jeffers*, for defendant.

The Chancellor. The property involved in this suit, consists of a lot of land in Camden, upon which there are six small houses. The complainant was formerly the owner of the lot, and built the houses to let, but becoming embarrassed, they were sold by the sheriff of Gloucester to the defendant, on the twenty-sixth of October, eighteen hundred and thirty-nine, on executions at law, (subject to incumbrances,) for three thousand and sixty dollars. Whether any valid objection existed to this sale or not, is not now to be settled, but the complainant felt himself aggrieved by it, and being in possession, the defendant, who was the purchaser, on the twenty-eighth of November, soon after the sale, agreed by writing, under his hand and seal, to reconvey the property to him, upon being repaid his purchase money with interest and expenses, within six months from the time of the sale, provided the complainant raised the money upon mortgage upon the premises for the term of five years, and the reconveyance was so made as to enure to the benefit of the complainant alone and not other persons. There was this further condition, that the defendant should have immediate possession of the premises, and receive the rent to his own use, but in case of repayment by the complainant, as contemplated,

[Laning v. Cole.]

the defendant was to account for the rents and profits, after deducting repairs. This agreement was made in a spirit of liberality and good feeling to the complainant, who is represented as an aged man, and unfortunate in business. It was designed, no doubt, to benefit him alone, and not his creditors or any other person. The bill is filed for a specific performance of this agreement, and we are to see whether any good reason is urged against its being fulfilled.

Before the time for the redemption, as fixed by the agreement, arrived, judge Rogers, with other friends of the complainant, determined to assist him, and the other persons failing to aid in the matter, the judge agreed to do it himself. He accordingly raised the money at the Camden bank, and made several efforts to get the defendant to convey the property for the complainant's benefit, but he failed in all. Mr. Wells, finally, acting in behalf of judge Rogers, who had become infirm, put the question, as he says, direct to the defendant, to know whether he intended to do any thing in the business, and he signified to him that he did not. Here the matter ended. No question is made on the tender of the money; the defendant agreed to make no objections on that score. It was a certified check for three thousand dollars, acknowledged on all hands to be good, and the amount, after deducting the rents of the property, must, I think, have been sufficient.

But it is said by the defendant's counsel, that there is no mutuality in this agreement; the paper was signed by the defendant alone, and therefore no specific performance can be decreed. The cases are far from being uniform on this subject. Chancellor Kent, in 1 *John. Chan.* 373, does indeed state it to be his opinion, that a specific performance cannot be sustained, when one party only is bound by the agreement; and yet in 7 *Vesey*, 265, *and* 9 *Vesey*, 351, as he states himself, a contrary doctrine prevailed. The case in 11 *Vesey*, 592, does not, in my view, overrule these decisions, but says, that lord Redesdale has intimated a doubt whether the court would perform a contract signed by one party, the other not having signed it, and nothing

having been done upon it. This is also the purport of the de-. cision in 1 *Schoales and Lefroy*, 13. It must be remarked, that chancellor Kent does not decide the case in 1 *John. Chan.* 373, on this point. The view I take of the present case, renders it unnecessary to settle the question how far the court will interfere, when one party only is bound and nothing has been done under the agreement, for here was an express condition, that the complainant should deliver the possession of the property to the defendant, and put him in receipt of the rents. This was done, and the rents have actually been received by the defendant, and he cannot now say, after a performance by the complainant, that there was no mutuality. The complainant did not, indeed, sign the paper, and it was never intended that he should, but the papers contained conditions on his part, which the evidence shows he faithfully performed. The case is this; a party signs an agreement to do certain things, after the other shall have performed on his part conditions which are precedent; these conditions being performed, upon requiring the party who signed the agreement to fulfill on his part, he says, I am not bound, because you never signed the agreement. I can see no propriety in such a view of the case. There was a mutuality in the very terms of the agreement, and in the language of the cases, something has been done under it, and there is no doubt it had the effect, beside, to quiet all question as to the sheriff's sale.

As little justice do I perceive in the remaining ground taken by the defendant's counsel, that the money was not raised by mortgage for five years on the property. This was virtually so done; judge Rogers bound himself to the complainant, that he should have the power, at any time within five years, to redeem the property; he proposed to take a deed with this qualification. Indeed, it would seem the parties were willing to take the deed in any way that could enable the complainant, at any time within five years, to regain his property, for his own benefit. This was within the spirit of the defendant's agreement. There is nothing in the case that shows the interference of judge Ro-

[Laning v. Cole.]

gers to have proceeded on any selfish ground. He came forward and designed to befriend the complainant by lending him this money, with power to repay it and take the property within five years. But the defendant declined to do any thing about it, which caused this bill to be filed.

Upon the complainant thus tendering the defendant his money, he was bound to make out and deliver him a deed for the property, and failing to do so, the complainant was entitled to come here for the aid of the court. It is true that the defendant cannot be required to vary his agreement, but he must carry it out in its true spirit and meaning. The deed can only be required to be made to Mr. Laning, the complainant, for such is the defendant's agreement, and that too upon the complainant having a loan of the money for five years from the time the money was tendered by judge Rogers. There was, indeed, from the evidence, some ambiguity in the negociations between the defendant and judge Rogers, and his friend Mr. Wells; but looking at the substance of what then passed, and the motives which evidently actuated judge Rogers, there is enough to induce me to think the complainant did sufficient to entitle him, at the hands of the defendant, to be restored to the title of his property.

There must be a reference to a master, to ascertain the amount paid by the defendant for the property, with interest and expenses; also, the amount received by him for rents and profits, after deducting repairs. The question as to costs and further equity, reserved.

Order accordingly.